UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRYON BRITT,

    Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, Bryon Britt ("BRITT"), by and through the undersigned counsel, hereby sues Hartford Life and Accident Insurance Company ("HARTFORD") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. BRITT was at all times relevant a plan participant under the Universal

Health Services, Inc. Long Term Disability Policy, Group No.: GLT675157.

3. Defendant, HARTFORD, is a corporation with its principal place of business in the State of Connecticut, authorized to transact and is transacting business in, and may be found in the Southern District of Florida and in Broward County. HARTFORD is the insurer of benefits under the Universal Health Services LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The HARTFORD LTD Plans are an employee welfare benefit plan regulated by ERISA, established by Universal Health Services under which BRITT was a participant, and pursuant to which BRITT is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, BRITT is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as BRITT remains disabled as required under the terms and conditions of the LTD plans.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, HARTFORD, is authorized to and is doing business within the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. BRITT incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, BRITT was a plan participant or former plan participant under the terms and conditions of the LTD Plans.

8. During the course of BRITT's employment, BRITT became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while BRITT was covered under the LTD Plans, BRITT suffered a disability, the nature of which due to privacy concerns is set forth in detail in the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

9. Pursuant to the terms of the LTD Plans, BRITT made a claim to HARTFORD for benefits under the LTD Plan with an effective date of disability of July 16, 2018.

10. On November 9, 2018, Before the end of the 180 Elimination Period, BRITT was advised by the Social Security Administration that his claim for Social Security Disability benefits had been approved.

11. On January 13, 2019, following the Elimination Period, HARTFORD approved BRITT's claim as it had determined he was unable to perform one or more of the essential duties of his occupation as a program manager for Universal Health Services.

12. As it relates to BRITT's claim as of the denial of benefits, the policy defines Disability to mean You are prevented from performing one or more of the Essential Duties of (1) Your Occupation during the Elimination Period; (2) Your Occupation for the 24 month(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings and (3) after that, Any Occupation.

13. Your Occupation means Your Occupation as it is recognized in the general workplace. Your Occupation does not mean the specific job You are performing for a specific employer or at a specific location.

14. Essential Duty is defined to mean a duty that (1) is substantial, not incidental; (2) is fundamental or inherent to the occupation; and (3) cannot be reasonably omitted or changed. Your ability to work the number of hours in Your regularly scheduled workweek is an Essential Duty.

15. Essential Duty means a duty that: (1) is substantial, not incidental; (2) is fundamental or inherent to the occupation; and (3) cannot be reasonably omitted or changed.

16. During the course of the claim review HARTFORD had BRITT's filed reviewed by a peer review doctor who determined BRITT would have the ability to work at a light duty demand level.

17. HARTFORD advised BRITT on October 11, 2019, that it was terminating his claim for LTD Benefits.

18. On April 7, 2020, BRITT filed his appeal of HARTFORD's claim denial.

19. During the course of the appeal review HARTFORD had BRITT's file again reviewed by a peer review doctor.

20. The peer review doctor determined that BRITT would not be restricted from returning to his former occupation.

21. At no time did HARTFORD have BRITT examined by a doctor.

22. BRITT has exhausted all administrative remedies.

23. HARTFORD breached the LTD Plan and violated ERISA in the following respects:

    a. Failing to pay LTD benefits to BRITT at a time when HARTFORD and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as BRITT was disabled and unable to

work and therefore entitled to benefits.

 b. After BRITT's claim was denied in whole or in part, HARTFORD failed to adequately describe to BRITT any additional material or information necessary for BRITT to perfect him claim along with an explanation of why such material is or was necessary.

 c. HARTFORD failed to properly and adequately investigate the merits of BRITT's disability claim and failed to provide a full and fair review of BRITT's claim.

24. BRITT believes and alleges that HARTFORD wrongfully denied his claim for LTD Benefits under the LTD Plan by other acts or omissions of which BRITT is presently unaware, but which may be discovered in this future litigation and which BRITT will immediately make HARTFORD aware of once said acts or omissions are discovered by BRITT.

25. As a proximate result of the aforementioned wrongful conduct of HARTFORD under the LTD Plan, BRITT has damages for loss of disability benefits in a total sum to be shown at the time of trial.

26. As a further direct and proximate result of this improper determination regarding BRITT's claims for benefits, BRITT, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), BRITT is entitled to have such fees and costs paid by HARTFORD.

27. The wrongful conduct of HARTFORD has created uncertainty where none should exist; therefore, BRITT is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Bryon Britt prays for relief against the Hartford Life and Accident Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: May 21, 2020.

                ATTORNEYS DELL AND SCHAEFER,
                CHARTERED
                Attorneys for Plaintiff
                2404 Hollywood Boulevard
                Hollywood, FL 33020
                (954) 620-8300

                __/s/ *Stephen F. Jessup*__
                STEPHEN F. JESSUP, ESQUIRE
                Florida Bar No.: 0026264
                Email: stephen@diattorney.com